[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2009
THOMAS K. KAHN
CLERK

No. 08-11188
Non-Argument Calendar

_____

D. C. Docket No. 07-60263-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONOVAN WAYNE TUCKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 17, 2009)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Donovan Tucker ("Tucker") appeals his sixty-month sentence following his

guilty plea for unlawfully re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Tucker argues that the district court imposed a substantively unreasonable upward variance from his guidelines range because the court incorrectly considered, in part, his past Canadian convictions as well his history of providing false identification to United States authorities. We disagree and find that the district court correctly considered Tucker's character, background, and conduct in light of the 18 U.S.C. § 3553(a) factors and did not abuse its discretion in imposing a sixty-month sentence. Accordingly, we AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Tucker, a Jamaican citizen, for unlawfully re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). R1-8. Tucker pled guilty to the offense without the benefit of a written plea agreement. R2 at 30. At the time of his arrest, Tucker initially identified himself to investigators as Jason Camberg and only admitted to being Donald Tucker when his fingerprints were taken. R2 at 24-25. Upon a search incident to arrest, government officials discovered that Tucker had a fraudulent driver's license and birth certificate, both issued under the alias of Jason Camberg. R4 at 21.

During the sentencing proceedings, the district court noted Tucker's extensive criminal history. Most of his offenses consisted of Canadian convictions

that had occurred over ten years in the past and pending charges in the United States. The court recited several of Tucker's Canadian convictions, including: 1) assault causing bodily harm; 2) extortion; 3) living on the avails of prostitution; 4) assault; 5) prison breach; 6) theft under $1000; 7) possession of stolen property; 8) burglary; 9) aiding, abetting, or compelling a person to engage in prostitution; 10) failure to appear; 11) possession of narcotics; 12) aggravated assault; 13) obstructing a peace officer; 14) uttering threats; 15) possession of property obtained by crime; and 16) possession of a controlled substance. Id. at 9-13. All but three of these offenses occurred on or before 1 January 1997.

The district court also took note of Tucker's penchant for getting arrested, posting bail, and then evading justice by absconding to a different jurisdiction and using various aliases as cover. Id. at 31. The court specifically cited eight instances in which Tucker had done so, dating back to August 1988. Id. In the end, however, the district court did not score Tucker's Canadian convictions for purposes of calculating his criminal history category because they were foreign convictions and because most of them had occurred over ten years before sentencing. As a result, the court assigned Tucker a criminal history category of I and a total offense level of 13, yielding a guidelines imprisonment range of twelve to eighteen months. Id. at 6; see also U.S.S.G. Ch.5 Pt.A. (2007). The statutory

3

maximum sentence for Tucker's offense was twenty years of imprisonment.  See 8 U.S.C. § 1326(b)(2).

The government filed a motion for upward departure before the sentencing hearing and asserted that such a departure was warranted pursuant to U.S.S.G. § 4A1.3 because Tucker's criminal history category substantially under-represented the seriousness of his criminal history or the likelihood that he would commit other crimes.  R1-24 at 2; see also U.S.S.G. § 4A1.3(a)(1).  The government reiterated its request once the hearing was underway and Tucker opposed it.  R4 at 17-18, 23.  The district court ultimately imposed an upward variance, implicitly declining to impose an upward departure under U.S.S.G. § 4A1.3.  Id. at 29-32, 34.

In imposing the upward variance, the court reasoned that careful consideration of the § 3553(a) factors counseled against sentencing Tucker according to the guidelines range of twelve to eighteen months.  Id. at 29-30. According to the court, such a sentence would not: 1) reflect the seriousness of the offense, promote respect for the law, or provide just punishment; 2) afford adequate deterrence to criminal conduct; or 3) protect the public from further crimes by Tucker.  Id.   The court noted that if it were to score Tucker's foreign and stale convictions, Tucker would have a criminal history category of VI, which,

4

when considered with his total offense level of 13, would yield a guidelines range of thirty-three to forty-one months. Id. at 30. The court then reasoned that although Tucker's unscored convictions alone would not justify a sentence above forty months, Tucker's long history of using false identities in order to evade prosecution justified a further upward variance. Id. at 30-31. The court balanced Tucker's criminal history against his acceptance of responsibility and determined that sixty months was a "reasonable and sufficient sentence." Id. at 32.

## II. DISCUSSION

We review a sentence imposed by a district court, both as to its procedural propriety and substantive reasonableness, under an abuse of discretion standard. See United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). In Gall v. United States, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007) (citation omitted), the Supreme Court clearly staked out the boundaries of our review:

> Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. . . . Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. . . . [I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole,

5

justify the extent of the variance.

With respect to sentences imposed outside the applicable guidelines range, the district court must "ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at __, 128 S. Ct. at 597. "[A] major departure should be supported by a more significant justification than a minor one." Id. We also note the well-established rule that "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Regarding the factors that may be considered in fashioning a reasonable sentence, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. We have addressed § 3661's applicability in sentencing determinations before and have held that "courts may . . . consider relevant facts concerning a defendant's background, character, and conduct when making sentencing calculations." United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006) (quotation marks omitted). Moreover, in the past, our review of a district court's sentencing decision has

6

included consideration of whether a given sentence is significantly lower than the statutory maximum as a indicator of reasonableness.  See United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006).

In this case, we conclude that the sentence imposed by the district court "achieve[s] the purposes of sentencing as stated in section 3553(a)."  Talley, 431 F.3d at 788.  The court articulated, in considerable detail, the factors it considered in its decisionmaking calculus and we are convinced that the court met its obligation to appropriately apply and weigh each of the § 3553(a) factors.  The district court highlighted its well-placed concern with both Tucker's long history of criminal misconduct in Canada and his equally alarming talent for avoiding prosecution in the United States.  The court concluded that a significant upward variance from Tucker's guidelines range was necessary in order to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and to protect the public.[1]  See R4 at 29-30.  Moreover, we note that Tucker's sixty-month sentence is appreciably below the statutory maximum sentence of twenty years of imprisonment.

---

[1] Tucker's argument that the district court impermissibly relied on his foreign convictions and pending charges in fashioning his sentence is misplaced given that the court applied an upward variance pursuant to the § 3553(a) factors and not an upward departure in accordance with U.S.S.G. § 4A1.3.  See generally United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006) (per curiam) (describing district court's exercise of its discretion in imposing a reasonable sentence outside the guidelines range as a variance, not a guidelines departure).

7

## III. CONCLUSION

Tucker appeals his sixty-month sentence for unlawfully reentering the United States. We find his appeal to be without merit and conclude that the district court correctly considered Tucker's character, background, and conduct in light of the § 3553(a) factors and did not abuse its discretion in imposing a sixty-month sentence. Accordingly, we AFFIRM.

**AFFIRMED.**